BRIDGE CITY ATHLETIC CLUB, INC, Appellant, *v.* GEORGE SALBERG and Others, as Police Commissioners of the City of Poughkeepsie, and Others, Respondents.*

Second Department, January 21, 1932.

* See, also, *McHugh* v. *Mulrooney* (255 N. Y. 321).

*Joseph A. McCabe*, for the appellant.

*John R. Schwartz, District Attorney* [*Thomas A. Lavery, Assistant District Attorney*, with him on the brief], for the respondents.

*Peter J. Brancato, Assistant Attorney-General* [*John J. Bennett, Jr., Attorney-General*, and *Robert P. Beyer, Deputy Assistant Attorney-General*, with him on the brief], for the New York State Athletic Commission, *amicus curiæ*.

*Jeremiah T. Mahoney*, for the Metropolitan Association of Amateur Athletic Union, *amicus curiæ*.

PER CURIAM. Is it a misdemeanor to conduct an amateur boxing contest for which admission fees are received, is the question to be answered in this case. To find the answer requires a construction of chapter 912 of the Laws of 1920 (as amd. by Laws of 1921, chap. 714; Laws of 1923, chaps. 353, 699, and Laws of 1930, chap. 554). The sections of the act, as amended, which require consideration in reaching a determination are sections 3, 6, 8, 22, 25, 26, 27, 27-a and 28.

Section 3, which confers jurisdiction on the State Athletic Commission, and section 6, which grants jurisdiction to a license committee, deal with *boxing, sparring and wrestling matches or exhibitions for prizes or purses, or where an admission fee is received.*

Section 25 requires every corporation holding any boxing, sparring or wrestling match or exhibition under the act, *for which an admission fee is charged*, to pay to the Department of State five per centum of the total gross receipts, exclusive of any Federal taxes paid thereon.

Section 26 provides that all tickets of admission to any *such* boxing match " shall bear clearly upon the face thereof the purchase price of same."

*Such* boxing signifies, of course, boxing for prizes or purses, or where an admission fee is received. These sections seem to be all inclusive, for there is no special reference made to either professional or amateur boxing contests. If these sections were the only ones to be considered, the question could be easily answered.

On the other hand, it appears from section 8 that professional boxers are required to be licensed, while no reference is made to amateur boxers; from which it may be inferred that amateur boxers do not require a license. As they are amateur boxers, they need not be licensed even if an admission fee be received.

Section 22 provides: " No contestant shall be paid for services before the contest, and should it be determined by the judges and referee that such contestant did not give an honest exhibition of

his skill, such services shall not be paid for." It might be said that if the Legislature intended to include amateurs where an admission fee is received and where prizes are awarded, since amateurs are not paid, a provision would be found that prizes should not be awarded before the contest; and in the event that an honest exhibition of skill was not given, prizes should not be awarded.

Sections 27 and 28 are significant. Section 27 provides: "Any person who directly or indirectly holds any *such* boxing, sparring or wrestling match or contest except where all contestants are amateurs without first having procured a license as hereinbefore prescribed shall be guilty of a misdemeanor." The reference in the section is to *such* boxing. *Such* boxing, as already indicated, is boxing for prizes or purses, or where an admission fee is received. Incorporating into section 27 the sense of the word "such," the section would read as follows: "Any person who directly or indirectly holds any boxing, sparring or wrestling match or contest for prizes or purses, or where an admission fee is received, except where all contestants are amateurs, without first having procured a license as hereinbefore prescribed shall be guilty of a misdemeanor." The work "person" includes a corporation. (Gen. Const. Law, § 37.) A corporation may be guilty of a misdemeanor. (*People* v. *Dunbar Contracting Co.*, 165 App. Div. 59; affd., 215 N. Y. 416.)

On this basis, to conduct an amateur contest where an admission fee is charged is not a misdemeanor. It indicates also that it was not intended that such contests were to be licensed.

Section 28 provides: "The provisions of section seventeen hundred and ten of the Penal Law shall not apply to any boxing, sparring or wrestling match or exhibition, conducted, held or given, pursuant to the provisions of this act, nor to any boxing, sparring or wrestling match or exhibition in which all the contestants are amateurs."

Section 1710 of the Penal Law provides in part: "A person * * * who engages in a public or private sparring exhibition, with or without gloves, within the State, at which an admission fee is charged or received, either directly or indirectly, * * * is guilty of a misdemeanor." If these provisions of section 1710 of the Penal Law be transferred into section 28, it would read, in so far as here applicable, as follows: "The provisions of section seventeen hundred and ten of the Penal Law that any person who engages in a public or private sparring exhibition, with or without gloves, at which an admission fee is charged or received, shall not apply to any boxing, sparring or wrestling match or exhibition

in which all of the contestants are amateurs." Here again the Legislature has eliminated amateur contests, where an admission fee is charged, from liability for a penalty provided by law. Thus there are, on the one side, general provisions which would seem to indicate that it was the intention of the Legislature to include all contests where an admission fee is received, that is, by sections 3, 6, 25 and 26. On the other side, there are section 8, which does not require amateur boxers to be licensed; section 22, which refers to professionals and not to amateurs, and sections 27 and 28, which exclude amateurs, even where an admission fee is charged, from the penal provisions. A choice must be made to ascertain the legislative intent.

We are of the opinion that the Legislature did not mean to include within the provisions of the act amateur contests where an admission fee is received, since to hold such contests is not a misdemeanor. It is hardly likely that the Legislature could have intended to include within the act amateur contests where an admission fee is received, when it has excluded such contests from the penal provisions. It is urged that if the Legislature intended to exclude from the provisions of the act, including the penal provisions, amateur contests where an admission fee is received, it would have so provided, as it has in section 27-a, with reference to contests conducted under the supervision of the New York National Guard or Naval Militia, as follows: " No provisions of this act shall be construed to apply to any sparring, boxing or wrestling contest conducted under the supervision or the control of the New York State National Guard or Naval Militia where all of the contestants are members of the active militia." There might be some force in this argument were section 27-a in the original act. But this claimed significance disappears since section 27-a came as an amendment to the original act by chapter 714 of the Laws of 1921. If the construction placed upon the act, exclusive of section 27-a, be correct, surely it should not be concluded that the amendment was an expression of intent to change the act in such an important item.

It is urged that fighting where an admission fee is charged may degenerate into brutality and degrading exhibitions, and, therefore, the Legislature must have intended its supervision by the State. As amateurs, whether an admission fee is charged or not, do not contest for profit but for prizes, it is difficult to understand wherein the attitude of the contestants would be different in the one case from the other. Neither brutality in nor admission fee to contests among amateurs is unique to boxing contests.

The act is not clearly drawn, and fair arguments may be pre-

sented on either side. Taking the act as a whole, we are of the opinion that the question should be answered in the negative.

The judgment should be reversed on the law, without costs, and judgment directed for plaintiff, without costs.

LAZANSKY, P. J., KAPPER, SCUDDER and TOMPKINS, JJ., concur; YOUNG, J., dissents.

Judgment reversed on the law, without costs, and judgment directed for plaintiff, without costs. The conclusions of law are reversed and new conclusions will be made. Settle order on notice.